**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DANIEL EDWARDS,                              :
      Plaintiff,                       :            CIVIL ACTION NO.
                                      :            15-cv-1165 (JCH)
    v.                                 :
                                        :
ARNONE et al.,                               :            SEPTEMBER 30, 2016
        Defendant.                      :

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 24)**

      The plaintiff Daniel Edwards ("Edwards"), currently incarcerated at Cheshire

Correctional Institution in Cheshire, Connecticut, has filed a Complaint (Doc. No. 1) pro

se under section 1983 of title 42 of the United States Code.  On September 22, 2015,

the court filed an Initial Review Order (Doc. No. 11) dismissing all claims except the

claim that defendants Pluszynski, Burgess and Olson failed to protect Edwards from

assault by another inmate.

      The remaining defendants ("the defendants") have filed a Motion for Summary

Judgment ("Motion") (Doc. No. 24).  For the reasons that follow, the defendants' Motion

is **GRANTED**.

**I.      STANDARD OF REVIEW**

      A motion for summary judgment may be granted only where there are no issues

of material fact in dispute and the moving party is therefore entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(a); Redd v. N. Y. Div. of Parole, 678 F.3d 166, 173–74

(2d Cir. 2012).  The moving party may satisfy his burden "by showing—that is pointing

out to the district court—that there is an absence of evidence to support the nonmoving

party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per

curiam) (internal quotation marks and citations omitted).  Once the moving party meets

this burden, the nonmoving party "must present specific evidence demonstrating a genuine dispute." Gannon v. UPS, 529 F. App'x 102, 103 (2d Cir. 2013) (summary order).  He must present such evidence as would allow a reasonable jury to find in his favor in order to defeat the motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  The nonmoving party "must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

The court must view all inferences and ambiguities in a light most favorable to the nonmoving party.  See Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003).  "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists. . . .  Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit, for the court in considering such a motion must disregard all evidence favorable to the moving party that the jury is not required to believe." Rogoz v. City of Hartford, 796 F.3d 236, 245–46 (2d Cir. 2015) (internal quotation marks, citation, and emphasis omitted).

## II.    FACTS[1]

The incidents underlying this action occurred while Edwards was confined at the

---

[1] The facts are taken from the defendants' Local Rule 56(a) Statements and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues.  D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

Although the defendants informed plaintiff of this requirement, Doc. No. 24-6, he has not submitted a Local Rule 56(a)2 Statement.  Accordingly, the defendants' facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

Corrigan-Radgowski Correctional Center, a level 4 maximum security facility designed to manage inmates demonstrating an inability to adjust to confinement and posing a threat to the safety and security of other inmates, correctional staff and the community.

On January 9, 2013, Edwards informed Correctional Officer Kurtzenacker that inmate Delacruz had threatened him.  Lieutenant Muzykoski separated the two inmates and interviewed Edwards, who denied ever being assaulted by inmate Delacruz.  The inmates were assigned to separate housing units.

On January 10, 2013, Edwards told defendant Pluszynski that he had a minor verbal confrontation with inmate Delacruz.  The confrontation occurred while the two inmates were participating in the Start Now group.  This was the first knowledge defendant Pluszynski had of any problem between Edwards and inmate Delacruz.  As the inmates already had been assigned separate housing units, defendant Pluszynski assigned Edwards to a different Start Now group.  Edwards never informed defendants Burgess and Olsen about any problem with inmate Delacruz.

On January 14, 2013, Edwards was assaulted by inmate Pocevic.  Edwards does not allege that he informed any defendant of an issue with inmate Pocevic, and the defendants had no reason to believe that inmate Pocevic would assault Edwards. Inmate Pocevic hit Edwards about the head and back with an adaptor concealed in a laundry bag.  Defendants Olson and Pluszynski separated the inmates.  Upon investigation, staff discovered that the assault was occasioned by Edwards' crime: inmate Pocevic stated that he attacked Edwards because Edwards had raped his own daughter.  The State Police were notified, and inmate Pocevic was charged with assault in the second degree.

### III.    ANALYSIS

Prison officials have a duty to make reasonable efforts to ensure inmate safety. This duty includes protecting inmates from harm at the hands of other inmates.  See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994); Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997).  To establish a constitutional violation, an inmate must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety.  See Farmer, 511 U.S. at 834. Deliberate indifference exists where prison officials know of and disregard an excessive risk to inmate safety.  See id. at 837; Bridgewater v. Taylor, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).  For example, correctional staff would be on notice of a substantial risk of serious harm where there has been prior hostility between inmates, or a prior assault by one inmate on another, and those inmates are not kept separated.

When "determining whether a substantial risk of harm existed, the [c]ourt should not assess a prison official's actions based on hindsight but rather should look at the facts and circumstances of which the official was aware at the time he acted or failed to act." Hartry v. Cty. of Suffolk, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (citation and internal quotation marks omitted).  "Proof of mere negligence will not give rise to a constitutional violation.  A plaintiff must demonstrate that defendants acted with deliberate indifference with respect to his safety or with an intent to cause harm to him . . . ." Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991) (citations omitted). Furthermore, even if a prison official "actually knew of a substantial risk to inmate health

or safety," but responded in a reasonable manner to that risk, he "may be found free from liability" under the Eighth Amendment, "even if the harm ultimately was not averted."  <u>Farmer</u>, 511 U.S. at 844.

In his Complaint, Edwards alleges that, on January 7, 2013, at 1:15 p.m., inmate Delacruz confronted Edwards within sight of defendant Olson. Although Edwards did not want the incident reported, defendant Olson submitted a report regarding the incident.  Upon returning to his housing unit, Edwards was labeled a snitch.  Doc. No. 1, ¶¶ 12–14.

The Complaint, however, is not sworn and cannot serve as an affidavit in opposition to the Motion for Summary Judgment.  <u>See</u> <u>Salahuddin v. Goord</u>, 467 F.3d 263, 278 (2d Cir. 2006) (finding prisoner's unsworn complaint disputing prison official's version of events insufficient to stave off summary judgment where prisoner was on notice of need to submit admissible evidence); <u>see also</u> <u>Edible Arrangements, LLC v. Provide Commerce, Inc.</u>, No. 3:14-CV-250 (VLB), 2016 WL 4074121, at *5 (D. Conn. July 29, 2016) ("At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient.") (citation and quotation marks omitted).  Edwards received notice of the need to file affidavits or other evidence in opposition to the defendants' motion for summary judgment, <u>see</u> Doc. No. 24-6, but has not done so.

The defendants have submitted a copy of the only incident report referencing a confrontation between Edwards and inmate Delacruz.  <u>See</u> Doc. No. 24-3.  Correctional Officer Kurtzenacker observed the confrontation, not defendant Olson, and the incident

occurred in the evening of January 9, 2013, not the afternoon of January 7, 2013.  Id. at 2.  Following this incident, Lieutenant Muzykoski moved inmate Delacruz to a different housing unit.  Edwards told Lieutenant Muzykoski that inmate Delacruz had threatened him multiple times because of his crime, but had not assaulted him.  Id. at 4. The following morning, Edwards and inmate Delacruz had a minor confrontation during a group session.  As a result, defendant Pluszynski moved Edwards to a different group session.  Id. at 9.

The record contains no admissible evidence that defendants Olson and Burgess knew about the January 9, 2013 confrontation between Edwards and inmate Delacruz. Cf. Farmer, 511 U.S. at 844 ("[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment . . . .").  When defendant Pluszynski became aware of the minor confrontation the following morning, he arranged for the inmates to attend different group sessions to prevent the confrontation from escalating: this was a perfectly reasonable response.  Thus, there is no factual basis for a failure to protect claim regarding the incidents with inmate Delacruz.  See id. at 845 ("Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.").  The defendants' Motion for Summary Judgment is therefore granted as to the incident with inmate Delacruz.

Regarding the assault by inmate Pocevic, Edwards neither alleges nor submits evidence that any defendant was aware of a problem between the inmates.  Edwards presents no evidence of prior threats from inmate Pocevic or prior confrontations. Absent knowledge that Edwards was in danger of harm from inmate Pocevic, there is

no factual basis for a failure to protect claim.  <u>See, e.g.</u>, <u>Gilmore v. Rivera</u>, No. 13 Civ. 6955(RWS), 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014) (noting that required substantial risk of harm showing can be satisfied with evidence of previous altercation between plaintiff and attacker, coupled with complaint by plaintiff regarding altercation or request to be separated from attacker); <u>Parris v. N.Y. State Dep't Corr. Servs.</u>, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("Because the plaintiff has alleged no facts suggesting that any of the defendants knew of a particular risk to the plaintiff's safety, the plaintiff has failed to state a claim that any of the defendants was deliberately indifferent in failing to protect him from the surprise attack.").

Following the attack, defendants Olson and Pluszynski separated the two inmates and called the Connecticut State Police.  Inmate Pocevic was charged with assault.  There is no evidence of any further interaction between the inmates.  The record suggests that the defendants acted properly following the attack to ensure that Edwards was protected from any future harm.  The defendants' Motion for Summary Judgment is therefore granted as to the altercation with inmate Pocevic.

## IV.    CONCLUSION

The defendants' Motion for Summary Judgment (Doc. No. 24) is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 30th day of September 2016.

/s/Janet C. Hall
Janet C. Hall
United States District Judge

7